Martin F. Casey (MFC -1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ADAK FISHERIES, LLC.

        Plaintiff,

    - against -

M/V APL RUBY her engines, boilers, tackle, etc.;
and APL, LTD. d/b/a American President Lines

        Defendant.
-----------------------------------------------------------X

**RECEIVED**

DEC 2 1 2007

**U.S.D.C. S.D. N.Y.**
**CASHIERS**

**JUDGE SAND**

**07 CV 11491**
2007 Civ.:

**COMPLAINT**

    Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    Plaintiff, ADAK FISHERIES, LLC, is a corporation or other business entity with a place of business located at 100 Supply Road, Adak, Alaska 99546, and is the cargo shipper and owner of certain cargoes laden aboard the M/V APL Ruby owned and/or operated by defendant APL, as more fully described below.

    3.    Defendant, APL, LTD. d/b/a American President Lines, is a corporation organized and existing by virtue of the laws of one of the states of the United States, with and

office and place of business located at 116 Inverness Drive E, Suite 400, Englewood, CO 80112, was and still is doing business in this jurisdiction directly and/or through an agent and was acting at all times as a common carrier in the maritime industry and was the operator and/or charterer of the APL RUBY.

4.     At all material times, the M/V APL RUBY was a diesel-powered, ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of this action.

5.     Plaintiff is the shipper, owner and/or assured of the consignment hereinbelow described. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

6.     On or about August 2, 2006, a consignment consisting of 156 Barrels frozen salted pacific cod heads, laden into an ocean-going container bearing number APRU 505344-2, then being in good order and condition, was delivered to defendant APL at the port of Adak, Alaska for transit to Pontevedra, Spain, in consideration of an agreed freight pursuant to APL bill of lading no. APLU 098210012, dated August 2, 2006.

7.     As part of the contract of carriage, APL agreed to supply and maintain a temperature of 2 degrees C within the container during all times the container was within the custody and control of APL.

8.     Thereafter, the aforementioned cargo was loaded aboard the M/V APL RUBY and the vessel departed for her intended destination.

9.      When the consignment arrived at its intended destination, Pontevedra, Spain, it was determined that the cargo had sustained temperature abuse due to APL's failure to maintain proper temperatures during transit.

10.     Defendant APL failed to deliver the cargo to the designated receiver at the designated port of discharge in the same good order and condition as when received by the vessel, and defendant at the port of loading.

11.     The damage sustained to cargo did not result from any act or omission on the part of plaintiff, but to the contrary, was the result in whole or in part, of the negligence and/or fault of defendant.

12.     By reason of the foregoing, plaintiff has sustained damages in a total amount of no less than $100,000, as nearly as presently can be determined, no amount of which has been paid, although duly demanded.

WHEREFORE, Plaintiff prays:

1.      That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2.      That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

3.    That this Court grant to Plaintiff such other and further relief as may be just and

proper.


Dated:    New York, New York
          December 21, 2007
          228-26


                                        CASEY & BARNETT, LLC
                                        Attorneys for Plaintiff


                            By:   _____
                                        Martin F. Casey (MFC-1415)
                                        317 Madison Avenue, 21st Floor
                                        New York, New York 10017
                                        (212) 286-0225