James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
Telephone: (212) 513-3200
Telefax: (212) 385-9010
Email: jim.hohenstein@hklaw.com
        lissa.schaupp@hklaw.com

Attorneys for Defendant,
*APL Co. Pte Ltd s/h/a*
*APL, Ltd. d/b/a*
*American President Lines*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAK FISHERIES, LLC,<br><br>                    Plaintiff,<br><br>          -against-<br><br>M/V APL RUBY her engines, boilers,<br>tackle, etc.; and APL, LTD. d/b/a American<br>President Lines,<br><br>                    Defendants. | 07 Civ. 11491 (LBS)<br><br>**ANSWER** |

NOW COMES Defendant APL Co. Pte Ltd sued here as APL, Ltd. doing business as American President Lines ("APL"), by and through its attorneys, Holland & Knight LLP, answering the Complaint of Plaintiff Adak Fisheries LLC ("Plaintiff"), and respectfully states upon information and belief:

1.      Admit that this action is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that this Court has subject matter jurisdiction pursuant to

28 U.S.C. § 1333, and respectfully refer all questions of law for determination by this Court at the time of trial.

2.    Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "2" of the Complaint.

3.    Admit that APL has an office and place of business located at 116 Inverness Drive E, Suite 400, Englewood, CO 80112.  Admit that APL was and still is doing business in this jurisdiction directly and/or through an agent and was acting at all times as a common carrier in the maritime industry. Admit that APL was the operator and/or charterer of the vessel APL RUBY.  Deny the remainder of the allegations set forth in paragraph "3" of the Complaint.

4.    Allegation not directed at APL, thus no response required.

5.    Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "5."

6.    Admit that on or about August 2, 2006 APL received a consignment consisting of 156 barrels frozen salted pacific cod heads in an ocean going container numbered APRU 505344-2 at the port of Adak, Alaska for transport to Ponteverda, Spain for an agreed freight pursuant  to the terms and conditions of bill of lading APLU 098210012, dated August 2, 2006. Deny the remainder of the allegations set forth in paragraph "6" of the Complaint.

7.    Admit that bill of lading APLU 098210012, dated August 2, 2006 states that the temperature for the cargo in question is to be set at 2 degrees Celsius, and respectfully refer all questions of law for determination by this Court at the time of trial.

8.    Admit the allegations set forth in paragraph "8" of the Complaint.

9.    Deny the allegations set forth in paragraph "9" of the Complaint.

10.    Deny the allegations set forth in paragraph "10" of the Complaint.

11.    Deny the allegations set forth in paragraph "11" of the Complaint.

12.    Deny the allegations set forth in paragraph "12" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

13.    APL alleges, by way of an affirmative defense, that said shipments described in Plaintiff's Complaint were subject to all the terms, conditions and exceptions contained in bill of lading APLU 098210012 to which Plaintiff agreed to be and is bound.  Any shortage, loss or damage to the shipment, which APL specifically denies, was due to causes for which APL was not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act ("COGSA"), *reprinted in* note following 46 U.S.C. § 30701, (formerly 46 U.S.C. § 1301 *et seq.*), and/or the Harter Act, 46 U.S.C. §§ 30702-30707 (formerly 46 U.S.C. App. § 190 *et seq.,*) and/or the applicable APL tariffs and/or provisions of the APL bills of lading and/or the general maritime law of the United States.

### SECOND AFFIRMATIVE DEFENSE

14.    APL alleges, by way of an affirmative defense, that any damage sustained or to be asserted by Plaintiff, which APL specifically denies, was a result of the negligence or recklessness of either Plaintiff and/or other parties over which the APL had no control and/or for which APL cannot be held liable.

## THIRD AFFIRMATIVE DEFENSE

15.    If, which is denied, APL is found liable for any loss or damage to the cargo in question, Plaintiff's right to recovery from APL must be denied for its failure to mitigate damages.  46 U.S.C. App. § 1304.

## PRAYER FOR RELIEF

WHEREFORE,  APL respectfully requests:

1.    The Complaint against APL be dismissed with prejudice and that judgment be

      entered in favor of the APL; and,

2.    For such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
       June 6, 2008


       HOLLAND & KNIGHT LLP

       By: _____

       James H. Hohenstein
       Lissa D. Schaupp
       HOLLAND & KNIGHT LLP
       195 Broadway
       New York, New York 10007
       Telephone:  212-513-3200
       Telefax:  212-385-9010
       E-mail:  jim.hohenstein@hklaw.com
               lissa.schaupp@hklaw.com

       Attorneys for Defendants,
       *APL Co. Pte Ltd.*
       *s/h/a APL, Ltd. d/b/a*
       *American President Lines*

TO:    Martin F. Casey, Esq.
         CASEY & BARNETT, LLC
         317 Madison Avenue, 21st Floor
         New York, New York  10017
         (212) 286-0225
         *Attorneys for Plaintiff*

# 5322382_v1